IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GLEN WARD | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-227 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Glen Ward, an inmate formerly confined at the Eastham Unit, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against the director of the Texas Department of Criminal Justice, Correctional Institutions Division and Donald Muniz, the warden at the Eastham Unit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains of alleged constitutional violations from harmful, negligent acts by the defendants concerning the alleged "failure of prevention" of an outbreak of COVID-19 at the Eastham Unit Trusty Camp. Plaintiff claims an assistant warden at the unit was believed to have been infected with the COVID-19 virus around November 1, 2020. Plaintiff claims the assistant warden returned to his residence located at the Eastham Unit which violated proper protocols. Plaintiff further alleges that, while the assistant warden was "being self-quarantined" at his residence, he summoned a maintenance crew to his residence to repair a water heater. Later the same day, plaintiff claims members of the maintenance crew, who were also inmates at the Eastham Trusty Camp, started exhibiting symptoms consistent with COVID-19. Plaintiff complains that these inmates were returned to their dormitory which housed approximately eighty inmates. As a result,

plaintiff claims most of the inmates in the dormitory had tested positive for COVID-19 by November 16, 2020.

Plaintiff claims he became infected with the COVID-19 virus during the month of November, 2020.[1] Plaintiff states that he lost his sense of taste and smell and claims he still has a hard time smelling and tasting things.[2] Plaintiff claims he experienced significant respiratory distress and difficulty managing his breathing as a result of his illness, but staff told him to drink water. Plaintiff claims he also has suffered some unspecified "long-term health impacts" following his infection with the COVID-19 virus.[3]

Plaintiff claims the defendants were negligent in their conduct of failing to adhere to strict Texas Department of Criminal Justice guidelines and failing to immediately lock down the entire facility. Plaintiff states that inmates at the Eastham Unit were allowed to be housed in dormitories without being tested and were issued cloth masks which were made in the unit garment factory. Plaintiff claims the defendants failed to take reasonable measures to prevent and contain the spread of COVID-19, and inmates were medically isolated only after testing positive by a laboratory test. Plaintiff complains that staff failed to follow the policies and practices identified in the defendants' Pandemic Response Plan ("PRP").

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061

---

[1] *See* Amended Complaint (ECF No. 40 at 1).

[2] *Id.*

[3] *See* Amended Complaint (ECF No. 37 at 15-16).

(5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

Plaintiff sues Donald Muniz, the warden at the Eastham Unit at the time of the incidents which form the basis of this complaint. Additionally, plaintiff sues the director of the Texas Department of Criminal Justice, Correctional Institutions Division. In his complaint, plaintiff did not make clear whether he sues the defendants in their official or individual capacities, or both. Accordingly, plaintiff's complaint will be liberally interpreted as asserting claims against the defendants in their official and individual capacities.

Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F. 3d 625, 630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official

capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). This immunity extends to lawsuits for injunctive relief as well as for monetary damages. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002). Here, as the Eleventh Amendment bars recovery regarding plaintiff's claims against the defendants in their official capacities or against the Texas Department of Criminal Justice, Correctional Institutions Division, plaintiff's claims should be dismissed for failing to state a claim upon which relief may be granted.

*Exposure to COVID-19*

"It is well settled that 'the Constitution does not mandate comfortable prisons, and that prison conditions may be 'restrictive and even harsh' without running afoul of the Eighth Amendment." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). The Eighth Amendment requires prison officials to provide "humane conditions of confinement" with due regard for inmate health and safety. *Valentine v. Collier*, 978 F.3d 154, 162-63 (5th Cir. 2020) (hereinafter "*Valentine II*") (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994)).

> To show a violation, inmates must prove that they were exposed "to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006)). The presence of a substantial risk is an objective inquiry. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). Deliberate indifference, however, is subjective; it requires a showing that prison officials had actual knowledge of a risk and disregarded it. *Id.* . . . "Deliberate indifference is an extremely high standard to meet." *Domino v. TDCJ*, 239 F.3d 752, 756 (5th Cir. 2001).

*Valentine II*, 978 F.3d at 162–63.

The allegations in plaintiff's complaint are sufficient to demonstrate that he was vulnerable to the COVID-19 virus, and the potential seriousness of the virus is well-established. However, plaintiff cannot demonstrate that the defendants in this action were deliberately indifferent to that risk. He identifies an incident where many inmates were infected in the Eastham Trusty Camp.

Plaintiff alleges that the Eastham Unit allowed inmates to be housed in dormitories without being tested, but he admits inmates were issued masks. The fact that the defendants used masks produced by the prison garment factory shows an affirmative step to contain the virus, not the defendants' deliberate indifference toward the prisoners confined at the Eastham Unit. Additionally, plaintiff admits the defendants isolated inmates after testing positive for COVID-19. The precautions implemented may not have been completely successful in stopping the spread of COVID-19 through the prison, but that does not establish that the defendants were subjectively and deliberately indifferent to the needs of plaintiff and his fellow inmates. "[A]ny argument that TDCJ 'evince[d] a wanton disregard for any serious medical needs' is dispelled by the affirmative steps it took to contain the virus." *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020).

*Medical Care*

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

Plaintiff alleges that when he experienced significant respiratory distress and had difficulty managing his breathing as a result of his illness staff told him to drink water. Further, plaintiff alleges the defendants were negligent in not following established TDCJ policies regarding the COVID-19 virus. The negligent violation of TDCJ policy is insufficient to prove deliberate indifference. *See Irugeas v. Poe*, 374 F. App'x 513, 517 (5th Cir. 2010). Liberally interpreting plaintiff's claims as asserting that the defendants acted with deliberate indifference to his medical condition, plaintiff's allegations fail to state a claim upon which relief may be granted. Even if the defendants were negligent in not providing additional treatment or taking additional precautions, negligence does not constitute a violation of the Eighth Amendment. Unsuccessful medical treatment, acts of negligence or medical malpractice, and disagreements as to diagnosis or treatment do not constitute deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Further, dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Accordingly, plaintiff's claims fail to state a claim upon which relief may be granted.

Plaintiff has failed to show the defendants were aware of a substantial risk of serious harm and failed to take measures to abate the risk. Plaintiff's allegations fail to rise to the egregious level required to state a claim under the Eighth Amendment. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted against the defendants.

*Violations of Prison Policy*

Finally, to the extent any of plaintiff's claims may be liberally construed as asserting the defendants violated prison rules or policies, such claims fail to state a claim upon which relief may be granted. The defendants' failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, plaintiff's claims are without merit and should be dismissed.

## Supplemental Jurisdiction

In accordance with 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. Thus, to the extent plaintiff's complaint may be liberally interpreted as asserting state law claims, supplemental jurisdiction should be declined in this action.

## Recommendation

The above-styled action should be dismissed with prejudice for failing to state a claim upon which relief may be granted. Additionally, the exercise of supplemental jurisdiction should be declined.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72.

SIGNED this 12th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge